J-S18008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY ALLEN SLEDGE | : | |
| | : | |
| Appellant | : | No. 1292 WDA 2024 |

Appeal from the PCRA Order Entered September 24, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000388-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY ALLEN SLEDGE | : | |
| | : | |
| Appellant | : | No. 1293 WDA 2024 |

Appeal from the PCRA Order Entered September 24, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000722-2020

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  September 12, 2025**

Appellant, Larry Allen Sledge, appeals from the September 24, 2024 order of the Erie County Court of Common Pleas dismissing without a hearing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we are constrained to vacate

_____

[*] Former Justice specially assigned to the Superior Court.

the order dismissing Appellant's PCRA petition and remand for the PCRA court to hold a hearing on Appellant's Pa.R.Crim.P. 600 claims. As the PCRA court's analysis could result in dismissal of all charges in these consolidated cases, we will not address Appellant's other issues, and we relinquish jurisdiction.

We glean the relevant factual and procedural history from the trial court's opinion and the certified records in these consolidated cases. On January 14, 2020, Appellant shot Jessica Crouch ("Victim") in the head. When police responded, Victim identified Appellant as the shooter.

In January 2020, the Commonwealth filed a criminal complaint against Appellant at Docket Number 388 of 2020 ("Docket 388"), charging him with attempted homicide and related crimes.

In February 2020, Victim reported receiving a letter from the Erie County Prison asking her to drop the charges against Appellant. While the letter contained the signature of an inmate other than Appellant and a third inmate's identification number, Victim identified the handwriting as Appellant's handwriting. Accordingly, in March 2020, the Commonwealth charged Appellant at Docket Number 722 of 2020 ("Docket 722") with intimidation of a witness.

On December 28, 2021, following delays related to the COVID-19 pandemic and several continuances, the trial court granted Appellant's request to proceed *pro se* with standby counsel.

On June 6, 2022, Appellant filed *pro se* a "Habeas Corpus Motion to Dismiss Pursuant to Pa.R.Crim.P. 600[.]" On June 9, 2022, the trial court

- 2 -

stamped the motion "denied," without scheduling a hearing or providing analysis.

On July 11, 2022, Appellant filed a "Motion for Case Dismissal/Nominal Bond Pursuant to Rule 600[.]" Motion, 7/11/22. The trial court, again, denied the motion without a hearing or analysis on August 8, 2022, the first day of Appellant's trial.

On August 12, 2022, the jury convicted Appellant of Attempted Homicide and related charges, at Docket 388, and Intimidation of a Witness, at Docket 722. On October 31, 2022, following the appointment of counsel, the trial court sentenced Appellant to an aggregate term of 20 to 40 years of incarceration at Docket 388 and a consecutive term of 6 to 12 years of incarceration at Docket 722

On March 5, 2024, following reinstatement of his appellate rights *nunc pro* tunc, this Court affirmed the judgments of sentence. ***Commonwealth v. Sledge***, 2024 WL 940118 (Pa. Super. filed March 5, 2024) (unpublished decision). Notably, this Court rejected Appellant's Rule 600 claim, concluding that Appellant's counseled brief "failed to preserve his Rule 600 challenge for appellate review" based upon lack of compliance with Pa.R.A.P. 2117(c) and 2119(e), which required him to cite to the location in the record where he preserved the issue before the trial court.[1] ***Id.*** at *3.

_____

[1] Additionally, this Court found only "one document that could be construed as a Rule 600(A) motion" but could not determine whether Appellant had
*(Footnote Continued Next Page)*

On April 16, 2024. Appellant filed *pro se* a PCRA petition, and appointed PCRA counsel filed a supplement on June 28, 2024, presenting several issues including a claim of ineffective assistance of direct appeal counsel for failure to preserve Appellant's Rule 600 claim.

On August 20, 2024, the PCRA court issued a Rule 907 Notice of Intent to Dismiss Without a Hearing. The court dismissed the petition on September 24, 2024.

Appellant and the PCRA court complied with Pa.R.A.P. 1925, with the court relying upon the analysis in its Rule 907 Notice of Intent to Dismiss ("PCRA Ct. Op.").

Appellant presents the following questions on appeal:

> A. Whether the trial and ensuing convictions are rendered void in that there was a Rule 600 violation that was not duly litigated and adjudicated in that prior court review of this claim has proceeded under the misapprehension and miscalculation of the accurate time period including this Court's adjudication and treatment of the claim on direct appeal?

_____

properly filed and served it because the motion did not appear on the docket. *Id.* The panel's description is generally consistent with the Docket 722 record. Our review of the Docket 388 record, however, reveals that Appellant filed, and the court docketed and denied, two Rule 600 motions, both of which sought hearings, which the court did not hold. Docket 388 Motions, 6/6/22, 7/11/22; Docket 722 Motion, 6/6/22. The record does not contain certificates of service for these motions.

This Court additionally rejected on the merits Appellant's claims that the time following his counsel's motion to withdraw and his omnibus pre-trial motion should not have been counted against him. *Sledge*, 2024 WL 940118, at \*4. We observe that Appellant's bald claims on direct appeal did not raise the Rule 600 claims set forth in the current appeal.

- 4 -

B. Whether the lower court abused its discretion in permitting the Appellant to proceed *pro se* wherein any cursory evaluation of his mental competen[cy] to act in that capacity would have disclosed a lengthy and significant mental health history precluding that measure, which prejudice was further [exacerbated] by appointing stand[-]by counsel who possessed competency impediments as well given a patent conflict of interest thereby combining to deprive the Appellant of his fundamental right to counsel or a legal predicate for a cognizable waiver of that right?

C. Whether the Appellant was afforded ineffective assistance of counsel for failure to pursue and preserve a suppression claim predicated on a material gap in the chain of custody pertaining to critical physical evidence in the custody of the police subsequent [to] arrest thereby compromising the ability of the Commonwealth to lay a proper foundation for the admission of the evidence relating to forensic testing[]?

D. Whether the lower court abused its discretion and committed legal error [in] failing to accept and consider the police misconduct alleged as per the Appellant's proffering of a claim of after-discovered evidence in the nature of a witness affidavit presented to the lower court reciting the affiant's knowledge of a statement by the police [implicating] them in the fabrication of evidence and further corroborating the former claim rendering suspect the proper chain of custody of the physical evidence?

E. Whether the Appellant was afforded ineffective assistance of counsel in that defense counsel failed to assert and preserve a claim of prosecutorial misconduct relating to the Commonwealth's making personal commentary and conclusions as to the guilt[] of the Appellant during closing argument and in purposely or reckles[s]ly making false statements or mischaracterization of the results of forensic testing offered into evidence?

F. Whether the Appellant was afforded ineffective assistance of counsel in that defense counsel failed to present and preserve a challenge to the testimony relating to a purported positive [gunshot residue] test result in the Commo[n]wealth's case-in-chief wherein there was no proof or proper foundation laid as to any such test ever being performed?

G. Whether the Appellant was afforded ineffective assistance of counsel in that appellate counsel failed to challenge the sufficiency of the eviden[c]e as to [Docket 722] as [the] evidence offered at

trial did not provide a factual and legal predicate for conspiracy to support a conviction?

Appellant's Br. at 2-3 (unnecessary capitalization omitted).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The PCRA court's credibility determinations are binding on this Court when supported by the record, but we review its legal conclusions *de novo*. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

A PCRA petition must be filed within one year from the date the judgment of sentence became final unless the petition alleges one of three timeliness exceptions. 42 Pa.C.S. § 9545(b)(1). We find that Appellant's petition is timely as he filed it within two months of this Court's decision on direct appeal.

To be eligible for relief under the PCRA, a petitioner must prove "by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth; (2) he is serving a sentence of imprisonment, probation, or parole for the crime; and (3) his conviction resulted from one of seven enumerated errors[,]" which includes ineffective assistance of counsel. *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016); *see* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner

- 6 -

must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3), (a)(4).

For claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

A PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Id.* We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 604-05 (Pa. 2013).

In his first issue, Appellant challenges the PCRA court's dismissal of his claim based on Pa.R.Crim.P. 600. Appellant's Br. at 10-15. It is well-established that Rule 600 serves "the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012).

Rule 600 mandates that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Rule 600(C) provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." *Id.* at 600(C)(1). The remedy for a violation of Rule 600(A) is the dismissal of the relevant charges with prejudice. *Id.* at 600(D)(1). In setting forth the remedy, the Rule mandates that "[t]he judge shall conduct a hearing on the motion" and that the Commonwealth "shall be served" with the motion "concurrently with the filing." *Id.*

Appellant argues that the PCRA court erred and abused its discretion in dismissing Appellant's claim that direct appeal counsel was ineffective in failing to preserve his Rule 600 claims. Appellant's Br. at 10-15. He contends that the PCRA court misapprehended and miscalculated the time for purposes

of Rule 600 and that the errors "would cause termination of both dockets." *Id.* at 11 (emphasis omitted).

Appellant asserts that the PCRA court used the incorrect date for the criminal complaint for Docket 388, utilizing January 24, 2020, rather than January 15, 2020. *Id.* at 12-13. Appellant argues that this 9-day discrepancy would result in dismissal of Docket 388 under the PCRA court's other calculations, which found that the Commonwealth had 6 days to spare in commencing trial for Docket 388.[2] *Id.* at 13-14.

Appellant additionally disputes 47 days between November 11, 2021, and December 28, 2021, which the PCRA court attributed to Appellant based upon Appellant's request to proceed *pro se* and defense counsel's motion to withdraw.[3] Appellant's Br. at 12. Appellant contends that this period should not be attributed to him because it occurred after the court had granted the Commonwealth's October 27, 2021 motion for a continuance, which the court granted until the next trial term. *Id.* Appellant asserts that the next trial term began on January 3, 2022, such that the Commonwealth's continuance encompassed the 47 days attributed to Appellant. Appellant's Br. at 12.

---

[2] Specifically, the PCRA court found that "[t]he Commonwealth had until on or about August 14, 2022 to bring [Appellant] to trial and Appellant's [t]rial commenced on August 8, 2022." PCRA Ct. Op. at 3 (citation omitted).

[3] The docket sheet reflects that Appellant sought to proceed *pro se* on November 10, 2021, instead of November 11, 2021, while counsel sought to withdraw on November 18, 2021.

- 9 -

Based on a careful review of the record, we conclude that the PCRA court abused its discretion in dismissing Appellant's petition without holding a hearing to determine whether direct appeal counsel was ineffective in failing to preserve Appellant's Rule 600 claim. Instead, the PCRA court reproduced the analysis set forth in its Pa.R.A.P. 1925(a) opinion submitted in Appellant's direct appeal, which did not address the specific issues raised in Appellant's *pro se* PCRA petition or his supplemental petition. We note that the criminal complaint appears to be dated January 15, 2020, while the PCRA court continued to use January 24, 2020. We direct the PCRA court to make a factual finding as to the filing date of the criminal complaint.

The PCRA court likewise did not address Appellant's claim that the 47 days between November 11 and December 28, 2021, should have been attributed to the Commonwealth based upon the court's prior grant of a continuance to the Commonwealth beginning on October 27, 2021 through the "next available trial term." Order, 10/28/21. We additionally observe several continuances which the court did not address in its Rule 600 calculations, including orders granting the following motions for continuance: (1) Appellant's August 31, 2020 motion; (2) the Commonwealth's April 28, 2021 motion; (3) the Commonwealth's December 30, 2021 motion filed allegedly on Appellant's "behalf" and indicating that "[a]ll Rule 600 time shall be counted against the Defendant." Orders, filed 9/14/20, 4/29/21, and 1/3/22. The orders did not specify an end date, stating only that the trial "is rescheduled to the next available trial term." ***Id.***

- 10 -

We emphasize that neither the trial court nor the PCRA court has conducted a hearing addressing Appellant's Rule 600 claims nor provided the necessary fact-finding relating to the length and attribution of each continuance. Thus, we are unable to determine whether there is arguable merit to Appellant's claim that direct appeal counsel was ineffective in failing to preserve his Rule 600 claims.

Accordingly, we are constrained to vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to hold a hearing on Appellant's Rule 600 claims and conduct a thorough analysis accounting for each continuance granted and other relevant time period. As the PCRA court's analysis could result in dismissal of the charges at both dockets, we will not address Appellant's other issues and relinquish jurisdiction.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/12/2025